**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**Civil Action No. 5:23-CV-00030**

| | |
|---|---|
| **ALISON SCHULTZ, individually, and on behalf of all others similarly situated,**<br><br><br>**Plaintiff,**<br><br>**v.**<br><br><br>**PLANET AUTOMOTIVE GROUP, LLC,**<br><br><br>**Defendant.** | <br><br><br><br><u>**Memorandum of Law in Support of Defendant Planet Automotive Group, LLC's Motion to Dismiss**</u> |

NOW COMES Defendant Planet Automotive Group, LLC, and submits the following Memorandum of Law in support of its Motion to Dismiss.

Planet Automotive Group, LLC is a separate entity from Planet Mitsubishi of Hickory, the entity that allegedly sent the text messages at issue, and thus Plaintiff has failed to state a claim against Planet Automotive Group, LLC.

### Facts

The facts alleged in the Complaint are taken as true for purposes of this Motion. Plaintiff alleges that "Defendant Planet Automotive Group repeatedly sent text messages to [her] and the putative class members after [she] and the putative class members expressly requested that Planet Automotive Group stop sending them messages." (Complaint, Document 1, p. 1.) Plaintiff alleges that "Planet Automotive Group" sent her various text messages, but each text message itself as pictured in and quoted in Plaintiff's Complaint states that it is from "Planet Mitsubishi Hickory." (Complaint, Document 1, pp. 5-6.)

Planet Mitsubishi Hickory is the assumed business name of Planet Automotive Group

Hickory (see Exhibit 1, assumed business name certificate publicly filed with the North Carolina Secretary of State.) Planet Automotive Group Hickory is a separate legal entity from Planet Automotive Group LLC. Plaintiff has named the wrong legal entity in her lawsuit.

During a phone call on or about April 27, 2023, the undersigned explained the difference in legal entities to counsel for Plaintiff, and that same day sent Counsel for Plaintiff a pdf of the North Carolina Secretary of State registration showing that Planet Mitsubishi Hickory is the assumed name for Planet Automotive Group Hickory, a separate entity from Planet Automotive Group, LLC. Despite being presented with documentation that Planet Automotive Group, LLC is not a proper party to this lawsuit, Counsel for Plaintiff declined to amend the lawsuit.

## Legal Standard

A Rule 12(b)(6) motion to dismiss "…tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). "…[T]he Rule 12(b)(6) inquiry is limited to determining if the allegations constitute a short and plain statement of the claim showing the pleader is entitled to relief…To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to raise a right to relief above a speculative level. Thus, a complaint will survive if it contains enough facts to state a claim to relief that is plausible on its face. *Avadis Avadis v. Azar*, No. 3:21-cv-514-MOC-DSC, 2022 U.S. Dist. LEXIS 132132, at *2 (W.D.N.C. July 26, 2022) (*internal citations and quotations omitted*.)

"[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556). When reviewing a 12(b)(6) motion, the court draws all reasonable factual inferences in favor of the plaintiff, but

this favorable inference does not apply to "threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Twombly*, 550 U.S. at 556). Allegations that are merely conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not countenance "unwarranted inferences, unreasonable conclusions, or arguments. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

### Argument

Because the Complaint on its face reveals that Planet Mitsubishi Hickory, and not Planet Automotive Group, allegedly sent the text messages at issue, Plaintiff has failed to state a claim against Planet Automotive Group and her claims should be dismissed.

Plaintiff asserts that "Planet Automotive Group owns and operates dealerships such as Planet Mitsubishi Charlotte, Planet Mitsubishi Hickory, and Planet Kia Charlotte." (Complaint, Document 1, p. 3.) This relationship is alleged in a conclusory manner without supporting facts. No facts in the Complaint support this conclusion. The bare assertion that Planet Automotive Group "owns and operates…Planet Mitsubishi Hickory" is an unwarranted inference and is thus not entitled to the presumption of truth like a factual allegation would be. The Complaint contains no facts indicating that Planet Automotive Group, LLC was responsible for the texts at issue. On the contrary, the text messages themselves, quoted in the Complaint, identify themselves as being allegedly from Planet Mitsubishi Hickory.

The December 13, 2021 text begins, "Alison, This is Brody, the Sales Manager at Planet Mitsubishi Hickory…" (Complaint, Document 1, p. 3)

The December 16, 2021 text begins, "Alison, This is Mike with Planet Mitsubishi Hickory…" (Complaint, Document 1, p. 3.)

The December 23, 2021 text begins, "Alison, this is Brody, the Sales Manager at Planet

Mitsubishi Hickory…" (Complaint, Document 1, p. 3.)

The January 17, 2022 text begins, "Alison, this is the Service Department at Planet Mitsubishi Hickory…" (Complaint, Document 1, p. 4.)

The January 24, 2022 text begins, "This is the Customer Care Team at Planet Mitsubishi Hickory…" (Complaint, Document 1, p. 4.)

Thus, the Complaint on its face reveals that Planet Mitsubishi Hickory, and not Planet Automotive Group LLC, allegedly sent the text messages at issue.

In *Robinson v. TalentBridge, Inc.* this Court dismissed a plaintiff's complaint when she "did not plausibly allege claims against [the Defendant.]" *Robinson v. TalentBridge, Inc.* No. 3:21-CV-00330-GCM, 2021 U.S. Dist. LEXIS 164349, at *3 (W.D.N.C. Aug. 31, 2021). The plaintiff in *Robinson* named TalentBridge, Inc., an employment agency, as Defendant in an employment discrimination lawsuit, but all her allegations of discrimination arose from the conduct of agents of Driven Brands, her actual employer. *Id.* This Court acknowledged its obligation to draw "all inferences in favor of the plaintiff," but drew the line at "unwarranted inference[s]" and "unreasonable conclusion[s]…" *Robinson v. TalentBridge*, *Inc.*, No. 3:21-CV-00330-GCM, 2021 U.S. Dist. LEXIS 164349, at *4 (W.D.N.C. Aug. 31, 2021)). This Court concluded that the *Robinson* plaintiff did not "plausibly allege any claims against TalentBridge," pointing out that one company does not necessarily bear any liability for actions taken by employees of another company. *Id.* Like the plaintiff in *Robinson*, the Plaintiff in this case is trying to hold one company responsible for another company's actions. Much like it declined to do in *Robinson,* this Court should decline to make an unwarranted conclusion and hold Planet Automotive Group LLC responsible for Planet Mitsubishi of Hickory's actions.

All of Plaintiff's claims are based on the premise that Planet Automotive Group LLC sent

the texts to the Plaintiff, but the texts themselves state that they are from Planet Mitsubishi Hickory. Plaintiff has sued the wrong party; she has stated no claims against Planet Automotive Group, LLC. Because Plaintiff fails to state a claim against the Defendant, Planet Automotive Group, LLC, and because the Plaintiff refused to amend her lawsuit to name the proper party when informed of her error, Defendant respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's lawsuit with prejudice.

### Conclusion

Because the Complaint on its face discloses that Planet Mitsubishi Hickory, a separate entity from the Defendant, allegedly sent the text messages at issue, Plaintiff fails to state a claim against Defendant Planet Automotive Group, LLC. Because Plaintiff fails to state a claim against the Defendant, Planet Automotive Group, LLC, and because the Plaintiff refused to amend her lawsuit to name the proper party when informed of her error, Defendant respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's lawsuit with prejudice.

This, the 22nd day of May, 2023

HULL & CHANDLER

By:     /s/ Elizabeth Vennum
Elizabeth Vennum
N.C. State Bar No. 49747
Counsel for Defendant
Hull & Chandler
1001 Morehead Square Drive
Suite 450
Charlotte, NC 28203
Tel. (704) 375-8488
Fax (704) 375-8487
lvennum@lawyercarolina.com

**<u>Certificate of Service</u>**

This is to certify that on this date the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Craig Shapiro                                    Christopher E. Roberts
Shapiro Law Office PLLC                          Butsch Roberts & Associates
644 Holly Springs Road, Suite 195                231 S. Bemiston Avenue, Suite 260
Holly Springs, North Carolina 27540              Clayton, Missouri 63105
craig@shapirolawofficepllc.com                   croberts@butschroberts.com

This the 22nd day of May, 2023.

Hull & Chandler

By:     */s/ Elizabeth Vennum*
        Elizabeth Vennum