# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALISON SCHULTZ, individually, and on behalf, of all others similarly situated : : : v. : PLANET AUTOMOTIVE GROUP, LLC : : | CIVIL ACTION NO. 5:23-cv-00030 |

## CONFIDENTIALITY AGREEMENT BETWEEN PARTIES AND NON-PARTY HELM TECHNOLOGIES, LLC d/b/a CHATTERSPOT

The parties to this litigation, Alison Schultz, individually, and on behalf of all others similarly situated ("Schultz"), and Planet Automotive Group, LLC ("Planet Automotive"), by and through their undersigned counsel, agree to the terms of the following Confidentiality Agreement for the purpose of Helm Technologies, LLC d/b/a Chatterspot ("Chatterspot") producing documents and things pursuant to Schultz's subpoena:

1. This Confidentiality Agreement shall govern the use, handling and disclosure of all documents, materials, information, data, testimony or information produced or given by Chatterspot in this action which are designated as confidential.

2. Chatterspot may designate any confidential materials and the information contained therein as "Confidential" or "Confidential – Attorneys' Eyes Only" if Chatterspot believes in good faith that there is a risk of identifiable harm to Chatterspot, its customers, business partners or any other person or entity, if those confidential materials and the information contained therein are disclosed to other parties or non-parties to this action. If Chatterspot inadvertently fails to mark a document or any other material confidential, Chatterspot shall so notify the receiving party and

1

the latter shall return such document to Chatterspot who shall mark the document or thing and reproduce it to the receiving party.

3. All Confidential Information produced by Chatterspot pursuant to subpoena shall be used by the parties solely for the purpose of this litigation.

4. Except with the prior written consent of Chatterspot, or pursuant to prior Order after notice, any document, transcript, data, materials or other things given "Confidential" or Confidential- Attorneys' Eyes Only treatment under this Confidential Agreement, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Confidentiality Agreement and may not be disclosed to any person other than the "Qualified Recipients" as specified below:

    a. The Parties, including any members, officers, board members, directors, employees, or other legal representatives of the parties if reasonably necessary for the purpose of this litigation;

    b. Legal counsel representing the Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

    c. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

    d. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

    e. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

    f. Any such person or entity where disclosure is reasonably necessary for the purpose of preparing this action for litigation, and after he, she or they agrees to be bound by the terms of this Confidentiality Agreement, and signs the "Declaration of Compliance" attached hereto as **Exhibit A**. Disclosure

may be reasonably necessary and execution of the "Declaration of Compliance" is required for such persons or entities as follows: (i) any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness, provided that persons may only be shown copies of confidential information and may not retain any such material; and (ii) consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts.

As a condition to receiving any confidential information, each person agrees to be bound by the terms of this Confidentiality Agreement.

5. For any person or entity required to sign the "Declaration of Compliance" attached hereto as **Exhibit A**, it shall be executed and promptly provided to counsel for Chatterspot.

6. Nothing shall prevent disclosure beyond the terms of this Confidentiality Agreement if Chatterspot consents in writing to such disclosure, or if the Court, after notice to all affected parties and Chatterspot, orders such disclosure.

7. In designating information as confidential, Chatterspot will make such designation only as to that information that it in good faith believes to be confidential. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge made to such confidentiality designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as confidential, the parties to this Confidentiality Agreement shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court in the United States District Court for the Western District of North Carolina. Nothing shall be regarded as confidential information if it is information that:

(a) is in the public domain at the time of disclosure;

(b) becomes part of the public domain, through no fault of the other party; or

(c) the receiving party can show was in its possession at the time of disclosure.

8. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Confidentiality Agreement, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential – Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

9. If counsel for any of the parties believe it is necessary to share a document with someone other than a person who is permitted to review the document under the foregoing provisions, counsel should direct a request for such disclosure to Chatterspot's counsel. No such departures from this Confidentiality Agreement will be authorized absent a written consent from counsel for Chatterspot or an order of Court.

10. Within 30 days after the conclusion of this litigation, all originals and reproductions of any documents or things produced by Chatterspot subject to a confidential designation shall be returned to Chatterspot, or, in the case of copies bearing attorneys' notes or the like, shall be destroyed. Insofar as the provisions of this Confidentiality Agreement or any protective order entered in this action restrict the communication and use of the documents produced thereunder, such Confidentiality Agreement and orders shall continue to be binding after the conclusion of this litigation.

[SIGNATURE PAGE FOLLOWS]

| SHAPIRO LAW OFFICE, PLLC | BUTSCH ROBERTS & ASSOCIATES LLC |
|---|---|
| _____ | _____ |
| Craig Shapiro | Christopher E. Roberts, Esq. |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

| HULL & CHANDLER, P.A. | CLARK HILL PLC |
|---|---|
| _____ | _____ |
| Liz Vennum, Esq. | JoAnn Needleman, Esq. |
| *Attorney for Planet Automotive Group, LLC* | *Attorney for Helm Technologies, LLC d/b/a Chatterspot* |

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

5

4. I have received a copy of the Confidentiality Agreement agreed upon in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Confidentiality Agreement.

6. I will comply with all provisions of this Confidentiality Agreement.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Confidentiality Agreement, any information, documents or other materials produced subject to this Confidentiality Agreement.

8. I will use such information, documents or other materials produced subject to this Confidentiality Agreement only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Confidentiality Agreement, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Confidentiality Agreement, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Confidentiality Agreement in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON

6
272701105.v1
Case 5:23-cv-00030-KDB-SCR   Document 23   Filed 08/10/23   Page 6 of 7

272701105.v1